IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JEFFERY D.,**

                                  Plaintiff,                  Civ. No. 6:18-cv-01058-MK

     v.                                                  **OPINION AND ORDER**

**COMMISSIONER SOCIAL
SECURITY ADMINISTRATION**,

                                  Defendant.

**KASUBHAI, Judge:**

       Plaintiff Jeffery D. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons discussed below, the Commissioner's decision is affirmed.

                                **PROCEDURAL AND FACTUAL BACKGROUND**

      Plaintiff applied for SSI on September 6, 2014 alleging disability beginning November 1,

2012. Tr. 13.¹ His claim was denied initially and upon reconsideration. *Id.* Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable Katherine Weatherly on April 25, 2017. Tr. 29-50. ALJ Weatherly denied Plaintiff's application in a written decision dated July 24, 2017. Tr. 13-23. Plaintiff sought review from the Appeals Council, which was denied, rendering the ALJ's decision final. Tr. 1-6. Plaintiff now seeks judicial review.

**STANDARD OF REVIEW**

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. *Id.*; *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). At step five, the Commissioner must show that the claimant is

---

¹ "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 13, provided by the Commissioner.

capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

In the present case, the ALJ found that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15. At step two, the ALJ found Plaintiff had the following severe impairments: morbid obesity; diabetes mellitus Type II; obstructive sleep apnea (OSA); depressive disorder versus bipolar I disorder; anxiety disorder; psychotic disorder not otherwise specified; history of cannabis abuse; degenerative disc disease of the lumbar and thoracic spine; and gastroesophageal reflux disease status post gastrointestinal bleed. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16. Prior to step four, the ALJ determined that Plaintiff's RFC allowed him to perform work with the following limitations:

> [he can] lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for two hours out of an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks; [he can perform] frequent climbing of ramps and stairs and occasional climbing of ladders, ropes or scaffolding. The claimant is able to understand, remember and carry out simple routine repetitive tasks with no more than occasional contact with the general public.

Tr. 17. At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a landscape laborer. Tr. 21. At step five the ALJ found that, based on Plaintiff's age, education,

work experience and RFC, Plaintiff could perform the representative occupations of bench assembler, electrical accessories assembler, and printed circuit layout paper. Tr. 22-23. As a result, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 23.

Plaintiff contends that the ALJ erred by: (I) erroneously discounting Plaintiff's subjective symptom testimony; (II) rejecting the medical opinion of Collin Lynn, M.D.; (III) improperly evaluating his obesity; and (IV) reopening his prior application.

I.   **Subjective Symptom Testimony**

Plaintiff first argues that the ALJ improperly rejected his subjective symptom testimony. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See*

SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

At the administrative hearing, Plaintiff testified that he suffers from lower back pain that migrates across his back and up his shoulders, and down his legs. Tr. 40. He suffers from occasional auditory hallucinations. Tr. 41. Plaintiff manages his mental health symptoms with Abilify, which causes dizziness as a side effect. *Id.* He testified that he lies down about 80 percent of the time. Tr. 42. He previously applied for benefits in March 2013 but did not appeal the Commissioner's decision. Tr. 42-43. Plaintiff testified that he suffers a manic episode from his bipolar disorder "every couple weeks." Tr. 44. Plaintiff also submitted a function report to the Agency stating that he suffers from mood swings, violent outbursts, and hallucinations; and that he could only work for 7/10 of a mile before needing to stop and rest. Tr. 269.

The ALJ rejected Plaintiff's testimony concerning the intensity, persistence and limiting effects of his symptoms because they were inconsistent with the medical evidence and other evidence in the record. Tr. 18. As a first reason for rejecting his testimony, the ALJ found that Plaintiff did not consistently seek treatment for his symptoms and limitations. *Id.* Unexplained failure to seek treatment can serve to undermine a claimant's pain testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The effectiveness of treatment is also a relevant factor in

determining the severity of a claimant's symptoms, and a claimant's improvement with treatment undermines a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); 20 C.F.R. § 416.929(c)(3). Here, the ALJ noted that Plaintiff testified he had not sought treatment for his back pain. Tr. 18. The medical record confirms that Plaintiff had little treatment for his back. For example, in May 2014 Plaintiff complained that he hurt his lower left back cleaning a freezer and was given a prescription for hydrocodone and baclofen. Tr. 487-88, 606, 664. Aside from refilling this prescription in July 2014, Plaintiff does not appear to have been prescribed any medication for his back pain during the relevant period, choosing instead to manage his pain with marijuana and over-the-counter medication. Tr. 487, 668. There is also no indication that Plaintiff followed up on referrals for neurosurgery, physical therapy, or chronic pain group therapy. *See, e.g.*, Tr. 697 (treatment note stating Plaintiff was aware of a neurosurgery referral), 721, 724. Plaintiff's minimal treatment record supports the ALJ's rejection of his testimony as to the disabling nature of his symptoms. *Fair*, 885 F.2d at 603.

While Plaintiff argues that his minimal treatment was due to his lack of medical insurance, there is evidence of an insurance copay as early as March 5, 2013, a week before Plaintiff's first disability application. Tr. 318 (note from Dr. Lynn referencing a $20 co-pay). Plaintiff's other explanations for lack of treatment – that he refrained from seeking treatment for pain because he was concerned about opiate addiction, and that he took hydroxyzine for pain – are contradicted by record evidence that he readily used opioid medication in May 2014 and was prescribed hydroxyzine specifically for anxiety. Tr. 487-88, 664, 669, 732 (indicating Plaintiff used hydroxyzine to combat worry and "panicky feelings"). On this record, the ALJ reasonably inferred that Plaintiff's symptoms and limitations were less disabling than alleged in his testimony. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir.

2008) (A claimant's ability to manage symptoms with conservative measures, such as physical therapy and over-the-counter medications, demonstrates that her symptoms are not as limiting as alleged).

The ALJ next found that the objective medical evidence undermined Plaintiff's testimony. Tr. 18. Lack of corroboration from objective medical findings can support an ALJ's credibility determination. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, despite Plaintiff's allegations of disabling bipolar moods that resulted in poor concentration, violent outbursts and mood swings, the ALJ noted that Plaintiff's mental health condition improved significantly with treatment. Tr. 19-20, 269-70. In December 2014, for example, Plaintiff reported feeling much better on medications, and in early 2015, Plaintiff began using Lithium with good results. Tr. 553, 556. Despite situational stressors such as his father's death, housing and financial issues, Plaintiff's mood and anxiety showed ongoing improvement. *See* Tr. 20, 716, 719 (September 2016 treatment note indicating Plaintiff was more emotionally stable than he'd ever been), 729, 736, 738. On this record, the lack of medical evidence to corroborate Plaintiff's testimony regarding disabling mental limitations provides additional weight to the ALJ's adverse credibility finding. *Rollins*, 261 F.3d at 857. In sum, the ALJ's credibility determination was supported by substantial evidence in the record.

## II.     Medical Opinion Evidence

Plaintiff next argues that the ALJ improperly rejected the medical opinion of treating physician Collin Lynn, M.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v.*

Page 7 – OPINION AND ORDER

*Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 416.927(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency

with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti,* 533 F.3d at 1040; *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995). An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison*, 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286 (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988)). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Dr. Lynn opined that Plaintiff was "disabled to the point where he is unable to maintain full time employment." Tr. 746. He wrote that Plaintiff could not maintain an eight-hour workday for five days a week due to his physical and mental disabilities. *Id.* Dr. Lynn also opined that Plaintiff would likely need a day off every two to three days because of his "disabilities." *Id.*

The ALJ rejected Dr. Lynn's opinion, crediting instead the opinion of consulting physician Martin Kehrli, M.D., who reviewed the record and found Plaintiff could perform a range of sedentary work. Tr. 20, 55-64. The ALJ was therefore required to provide a specific, legitimate reason for rejecting Dr. Lynn's controverted opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

First, the ALJ found Dr. Lynn's opinion lacked evidentiary support. Tr. 21; 20 C.F.R. § 416.927(c)(3) (consistency and supportability are important factors in evaluating a medical opinion). Here, Dr. Lynn opined that Plaintiff was disabled due to his mental health conditions. Tr. 746. As discussed above, the record shows Plaintiff's mental health symptoms were controlled with medication and improved over time.[2]

The record also undermines Dr. Lynn's opinion that Plaintiff was disabled due to his physical conditions. As discussed above, the record shows that Plaintiff did not seek regular treatment for his physical symptoms and they appear to be effectively managed with conservative treatment. A conservative course of treatment is not the sort of recommendation "one would expect to accompany a finding that [the claimant] was totally disabled." *Rollins*, 261 F.3d at 856. On this record, it was reasonable for the ALJ to infer that Dr. Lynn's opinion lacked evidentiary support from the longitudinal record. The ALJ therefore provided a specific, legitimate reason to reject Dr. Lynn's medical opinion that Plaintiff was totally disabled by his mental and physical limitations. *Bayliss*, 427 F.3d at 1216.

Second and finally, the ALJ found Dr. Lynn's opinion was inconsistent with Plaintiff's testimony. Tr. 21. Conflict between a physician's opinion and a claimant's testimony can support

---

[2] For example, in 2016 Plaintiff was emotionally stable and his depression and anxiety were within normal limits. Tr. 716, 719, 744.

an ALJ's rejection of the physician's opinion. *Morgan*, 169 F.3d at 603. For example, while Dr. Lynn found that Plaintiff's spinal stenosis was disabling, Plaintiff reported his pain at only a three out of ten with the use of over-the-counter medications. Tr. 21, 38, 39. Further, while Dr. Lynn found Plaintiff's mental health interfered with his ability to maintain employment, Plaintiff reported that he did not have problems from his mental health while working. Tr. 37, 746. On this record, the ALJ provided multiple legally sufficient reasons for rejecting Dr. Lynn's opinion. While Plaintiff presents an alternative interpretation of the evidence, the court must affirm the ALJ's reasonable conclusions based on the record. *Ryan*, 528 F.3d at 1198.

### III. Plaintiff's Obesity

Plaintiff also argues that the ALJ failed to properly consider his obesity through the decision. The court disagrees. The ALJ found Plaintiff's obesity to be a severe impairment at step two, considered Plaintiff's impairments again at step three, and noted Plaintiff's obesity in formulating his RFC, writing "[t]he claimant's weight, including the impact of his ability to ambulate, as well as his other body systems, has been considered within the functional limitations determined herein." Tr. 15-16, 18-19. The ALJ also credited the Agency physicians' opinion that Plaintiff could perform sedentary work with additional limitations consistent with Plaintiff's obesity. Tr. 64, 77. Plaintiff does not point out any credible functional limitations related to obesity that the ALJ omitted from the RFC.

As discussed above, the ALJ properly weighed the medical opinion of Dr. Lynn and Plaintiff's testimony. The court therefore finds no error in the ALJ's treatment of Plaintiff's obesity throughout the sequential evaluation.

## IV. Reopening of the Prior Record

Plaintiff argues, finally, that the ALJ de facto reopened the prior record. A de facto reopening occurs when an ALJ "considers 'on the merits' whether the claimant was disabled during an already adjudicated period." *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). For a de facto reopening to occur, the ALJ must have genuinely determined the issue of disability during the previously adjudicated period. That is not the case here: the ALJ adjudicated the relevant period, finding Plaintiff was not disabled from September 6, 2014 through the date of the decision. Tr. 23.

Plaintiff argues that the ALJ reopened the prior application because she used Plaintiff's prior alleged onset date as a reason to discredit treating psychologist David Tempey, PhD. Tr. 20-21. The court disagrees. The ALJ rejected Dr. Tempey's opinion because he "did not provide any objective evidence to support his findings and his findings are inconsistent with the record as a whole." Tr. 21, 559-67. The fact that the ALJ referenced Plaintiff's prior alleged onset dates when situating his meeting with Dr. Tempey on a chronology does not constitute an 'on the merits' consideration of Plaintiff's prior application. *Lewis*, 236 F.3d at 510. The court therefore finds no reversible error in the ALJ's mention of Plaintiff's prior alleged onset date. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (the court will not reverse errors that are inconsequential to the ultimate nondisability determination).

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

DATED this 5th day of September 2019.

s/Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI  
United States Magistrate Judge